## W. W. NORTHCUTT v. M. K. CURRY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—588.]

**Meaning of Words "Her Bodily Heirs" When Used in a Will.**

　　Where in a will the testator gives property to his daughter "and her bodily heirs" the words "her bodily heirs" are appropriate to create an estate tail and this is an estate in fee simple under out statutes, but such words may operate not as words of limitation but of purchase, if so intended by the testator and in such a case may be equivalent to the words "her children." If such words are used to denote a particular person or class they are words of purchase, but when used to denote the entire line of heirs in succession of the kind named they are words of limitation and will create an estate tail. If used thus to create an estate tail and the daughter dies after the probate of the will, leaving a daughter, the daughter takes a fee and the husband of the mother is not entitled to hold it by curtesy.

### APPEAL FROM THE WEBSTER CIRCUIT COURT.

February 10, 1885.

OPINION BY JUDGE HOLT:

The 8th clause of the will of Robert Curry, reads thus:

"My daughter Nancy, having intermarried with William Northcutt, now for the purpose of securing to my said daughter the use of the property which I have to give to her free from the control of her husband, I give to her and her bodily heirs, free from the control of her husband, forever, the following property, to wit: two hundred acres of land, the other half of my old place whereon 'I now live, which I direct to be divided by her and her sister Keziah, so as to be equal between them. My negro woman named Fanny, a little boy named Jack and a little boy named Poke, and her suckling babe named Becca."

It is admitted that William and Nancy Northcutt were legally married; that they had issue born alive; that she had the actual possession of the land above named during their coverture, and that she died before the bringing of this suit.

The only question, therefore, is whether the terms of the devise deprive the husband of curtesy in said land.

The words "her *bodily heirs,*" are appropriate to create an estate tail; and it, by our statute, is an estate in fee simple. They may operate, however, not as words of limitation, but of purchase, if so intended by a testator; and in such a case may be equivalent to the words, *"her children."*

When used to denote the entire line of heirs in succession of the sort named, they are words of limitation, and create an estate tail; if used, however, to denote a particular person or class, they are words of purchase. Their operation depends upon the sense in which they are used; and the intention of a testator should not be arbitrarily defeated by the technical meaning of a term.

It will be noticed by an examination of the entire will of the testator in this instance, that the words "heirs of her body," or "her bodily heirs," were used as to each of his three married daughters. As to one, the language is, "I give to my oldest daughter, Jane Eddings, and to the heirs of her body after her  *  *  *  from the control of her husband James Eddings, to their separate use forever, all of the following property—"

As to another he says:

"My daughter Keziah having intermarried with Abraham Wallace, it is my desire to secure to her separate use, the property which I may have to give her; I therefore give to her and her bodily heirs, the following property—"

When the testator used the words "her bodily heirs," in the clause of his will now in question, he meant something, and, viewing it in connection with other portions of it, they were not, in our opinion, used in their technical sense, and as embracing the whole line of her descendants in succession, but in the restricted sense of denoting those who might be the heirs of her body at her death, and that they should be regarded as words of purchase.

This conclusion is not reached without some hesitation, as the rule is that these words or their equivalent do not, of themselves, authorize the interpretation that they refer to some particular person or persons; and the other words in the will and circumstances shown by it, do not place their meaning as used by the testator, beyond question.

A separate estate was however created in the wife. The object of the testator as expressed by himself, was to secure to his daughter *"the use"* of the property free from her husband's control; and while

a surviving husband is not excluded from curtesy by the mere fact that the property was the absolute separate estate of the wife, yet he may be by the instrument which created it; and in this instance the devise was "to her and her bodily heirs, free from the control of her husband *forever,* the following property—."

In the case of *Blakely et al. v. Bryant's Admr.,* 4 Ky. Law Rep., p. 991, where a testator had devised a daughter's portion to her, as separate estate, free from her husband's control, and at her death to go "to the heirs of her body," it was held that she took a life estate for her separate use with remainder in fee to her children.

In this case, however, even if an absolute separate estate had vested in the wife with a fee-simple title, yet by the express terms of the devise, the husband at her death, had no interest in the property, and it passed at once to her bodily heirs.

Judgment *affirmed.*

*Long & Long, for appellant.*

*John Elliott, for appellees.*

[Cited, *Marshall v. Walker,* 26 Ky. L. 199, 80 S. W. 1132; *Adair v. Adair's Trustee,* 30 Ky. L. 860, 99 S. W. 925; *Edwards v. Walesby,* 30 Ky. L. 252, 98 S. W. 306.]